# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE LLC | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | Judge _____ |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF MINNESOTA | ) | **Removed from the Court of Common** |
| FOUNDATION – DINNAKEN | ) | **Pleas of Cuyahoga County, Ohio,** |
| HOUSING, LLC | ) | **Case No. CV 24 992650** |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant University of Minnesota Foundation – Dinnaken Housing, LLC ("Dinnaken") hereby removes Case No. CV 24 992650 from the Court of Common Pleas of Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio, Eastern Division. Removal is based on diversity jurisdiction because Plaintiff MRI Software LLC ("Plaintiff") and Dinnaken have complete diversity of citizenship and the amount in controversy exceeds $75,000.

In support of this Notice, and as grounds for this removal, Dinnaken states as follows:

**I.   BACKGROUND**

1.  On or about February 11, 2024, Plaintiff commenced a civil action against Dinnaken by filing a Complaint in the Court of Common Ples of Cuyahoga County, Ohio, Case No. CV 24 992650, recorded on the Court's docket as *MRI Software LLC v. University*

1

*of Minnesota Foundation – Dinnaken Housing LLC* (the "State Court Action"). (*See* **Exhibit A**, Complaint ("Compl.") (including Summons)).

2. On February 20, 2024, Dinnaken received a copy of the Summons and Complaint. (**Exhibit B**, Declaration of Patrick Mascia ("Mascia Decl.") ¶ 3)**.**

3. The Complaint alleges that Dinnaken is liable for breach of contract and unjust enrichment relating to the right to use MRI Software. (*See* Exhibit A, Compl. ¶¶ 29, 34-35).

4. The Complaint states that Plaintiff "has been damaged in an amount to be determined at or prior to trial, in no event less than $187,690.57 in principle, exclusive of applicable interest, costs, and attorneys' fees." (Exhibit A, Compl. ¶ 29)

II. NOTICE OF REMOVAL IS TIMELY

5. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after February 20, 2024, which was the date that Dinnaken received service of the Complaint. (Exhibit B, Mascia Decl. ¶ 3)**.**

III. THIS COURT HAS DIVERSITY JURISDICTION

6. This State Court Action is a civil action within the meaning of the Acts of Congress and may be removed pursuant to 28 U.S.C. § 1441(a).

7. This Court has original jurisdiction of this State Court Action pursuant to 28 U.S.C. § 1332 because Plaintiff and Dinnaken have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.  The Parties Have Complete Diversity of Citizenship.**

8. For the purposes of diversity jurisdiction, limited liability companies have citizenship of each partner or member. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

9. Plaintiff named Dinnaken as the sole Defendant in this case. (Exhibit A, Compl. ¶ 2).

10. Complete diversity of citizenship exists in this case because at the time the State Court Action was filed and at all relevant times:

    a. Plaintiff's Complaint asserts that it is a Delaware limited liability company. (Exhibit A, Compl. ¶ 1). Upon information and belief, the members of Plaintiff are not citizens of Minnesota. (Exhibit A, Compl. ¶ 1).

    b. Dinnaken is a Delaware limited liability company. (Exhibit A, Compl. ¶ 2). The sole member of Dinnaken is University of Minnesota Foundation, which is a Minnesota nonprofit corporation with its principal place of business in Minnesota. (Exhibit B, Mascia Decl. ¶¶ 4-5).

11. Accordingly complete diversity of citizenship exists because Plaintiff and Dinnaken, the only Plaintiff and Defendant in this case, are citizens of different states.

### B. The Amount in Controversy Exceeds $75,000.

12. Further, in the Complaint, Plaintiff makes claims for breach of contract and unjust enrichment and seeks compensatory damages relating to Dinnaken's right to use Plaintiff's MRI Software. (Exhibit A, Compl. ¶¶ 29, 34-35).

13. Plaintiff alleges in the Complaint that "If [Dinnaken] fails to make payments of any fees due under the Agreement, [Dinnaken] shall be in material breach of this Agreement . . . [I]f [Dinnaken] fails to timely pay applicable fees under an Order Document, MRI shall be entitled to collect all past and current amounts due and owing, and to accelerate all future amount to be due." (Exhibit A, Compl. ¶ 10). Plaintiff alleges that "Dinnaken failed and refused to pay invoices issued by MRI." (Exhibit A, Compl. ¶ 19). Further, "[t]he remaining fees due to MRI from Dinnaken for the remainder of the Term of the Agreement, inclusive of the accelerated amount . . . total[s] $187,690.57." (Exhibit A, Compl. ¶ 26).

14. Accordingly, it is evident from the Complaint that the amount in controversy exceeds $75,000.

15. Consequently, this Court has diversity jurisdiction to this State Court Action as the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and Dinnaken.

### IV. REMOVAL TO THIS COURT IS PROPER

16. Because there is complete diversity jurisdiction and Dinnaken is not a citizen of the state of Ohio, removal is proper under 28 U.S.C. § 1441(a)-(b).

17. The United States District Court for the Northern District of Ohio, Eastern Division is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original State Court Action was filed and is pending.

## V. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

18. Concurrently with this Notice of Removal, Dinnaken will file a copy of this Notice with the Court of Common Pleas of Cuyahoga County, Ohio, and will serve the Notice upon all adverse parties to this State Court Action pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice (without exhibits) that is being filed in the Cuyahoga County Court of Common Pleas is attached hereto as **Exhibit C**

19. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Dinnaken are attached as **Exhibit A**.

## VI. RESERVATIONS

20. By this Notice of Removal, Dinnaken does not waive any objections or defenses it may have to this State Court Action, including but not limited to, the defense of improper venue. Dinnaken intends no admission of fact, law, or liability by this Notice of Removal, and expressly reserves all defenses, motions, and pleas.

21. In the event this Court has any questions about the propriety of removal or may be inclined to remand this State Court Action *sua sponte*, Dinnaken respectfully requests that the Court issue an order to show cause why the case should not be remanded, affording the parties an opportunity to provide the Court with full briefing and argument.

WHEREFORE, Defendant Dinnaken respectfully requests that the State Court Action be removed to the United States Court for the Northern District of Ohio, Eastern Division in accordance with the provisions of 28 U.S.C. § 1441.

Dated: March 15, 2024 **LATHROP GPM LLP**

*/s/ Loren L. Hansen*
Loren Hansen (*pro hac vice* to be sought)
3100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 632.3000
Fax: (612) 632.4444
Loren.Hansen@lathropgpm.com

**UB GREENSFELDER LLP**

*/s/ Amanda J. Martinsek*
Amanda J. Martinsek (0058567)
1660 West 2nd Street
Suite 1100
Cleveland, OH 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001
amartinsek@ubglaw.com

**ATTORNEYS FOR DEFENDANT UNIVERSITY OF MINNESOTA FOUNDATION – DINNAKEN HOUSING LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, a true and accurate copy of the foregoing was filed with the Clerk of the Court and served on counsel of record using the CM/ECF system.

*/s/ Amanda J. Martinsek*
Amanda J. Martinsek (0058567)

*Counsel for Defendant*
