# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | Case No. 1:24-cv-00485 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| UNIVERSITY OF MINNESOTA | ) | |
| FOUNDATION – DINNAKEN | ) | |
| HOUSING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

On June 18, 2024, the Court granted the motion of Plaintiff MRI Software to dismiss the counterclaims of Defendant University of Minnesota Foundation – Dinnaken Housing, LLC.  (ECF No. 19.)  On August 2, 2024, Defendant moved to amend its answer, affirmative defenses, and counterclaims.  (ECF No. 20.) Defendant's proposed amendment leaves its answer and affirmative defenses unchanged while abandoning its original counterclaims in favor of a new counterclaim for fraud in the inducement.  For the reasons that follow, the Court **DENIES** Defendant's motion.

## BACKGROUND

MRI Software sued Dinnaken Housing in State court for breach of contract and unjust enrichment.  (ECF No. 1-2.)  Dinnaken Housing removed the case to federal court (ECF No. 1) and brought counterclaims for breach of contract and unjust enrichment, alleging that it had terminated the contract at issue because of material

breaches that MRI Software failed to remedy (ECF No. 3, ¶¶ 30, 43–53, PageID #56 & #59–60).  MRI Software moved to dismiss Dinnaken Housing's counterclaims under Rule 12(b)(6), arguing that Dinnaken Housing failed to bring its counterclaims within the parties' one-year contractual limitations period.  (ECF No. 7, Page ID #110.)  For twenty-one days after service of MRI Software's motion to dismiss, Dinnaken Housing had the right to amend its pleadings as a matter of course under Rule 15(a)(1)(B).  It did not do so.

On June 18, 2024, the Court granted MRI Software's motion to dismiss.  (ECF No. 19.)  The Court determined that Dinnaken Housing's causes of action for breach of contract and unjust enrichment arose by August 14, 2022 at the latest.  (*Id.*, PageID #284 & #286.)  The one-year deadline therefore expired, at the latest, on August 14, 2023.  Dinnaken Housing did not assert its counterclaims until April 4, 2024.  (ECF No. 3.)  Also, Dinnaken Housing failed to demonstrate that the parties' contractual limitations period was unreasonable as a matter of law, did not satisfy the requirements for equitable tolling, and failed to show that it was entitled to equitable estoppel.  (ECF No. 19, PageID #287–93.)  As a result, the Court dismissed Dinnaken Housing's counterclaims.

On August 2, 2024, forty-five days after the Court's dismissal of its counterclaims but within the deadline for amendment of the pleadings (ECF No. 10), Dinnaken Housing filed a motion for leave to amend its counterclaims (ECF No. 20).  Specifically, in place of its previously dismissed counterclaims for breach of contract and unjust enrichment, Dinnaken Housing seeks to bring a new counterclaim for

fraud in the inducement.  (ECF No. 20-3, PageID #357–59.)  MRI Software opposes amendment.  (ECF No. 21.)

## ANALYSIS

After a party's right to amend its pleading as a matter of course expires, a party may amend only with the opposing party's written consent or leave of court.  Fed. R. Civ. P. 15(a).  Under Rule 15(a)(2), courts "should freely give leave when justice so requires."  Reasons to deny leave ordinarily include undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice, and futility.  *Doe v. College of Wooster*, 243 F. Supp. 3d 875, 884–85 (N.D. Ohio 2017) (citing *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013)).

Where an adverse judgment has been entered, however, the request to amend presents "a different story."  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).  In that context, courts must consider the competing interests of finality and the expeditious termination of litigation.  *Id.* at 615–16 (citing *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).  "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'"  *Id.* at 616 (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.)).

## I.    Finality of the Ruling

MRI Software and Dinnaken Housing disagree on the nature of the Court's dismissal of Dinnaken Housing's counterclaims.  In its June 18, 2024 order, the Court granted MRI Software's motion to dismiss, which sought dismissal with prejudice,

3

and the Court did not afford an opportunity to amend.  (ECF No. 7; ECF No. 19.)
Additionally, an order for dismissal under Rule 12(b)(6) operates as an adjudication
on the merits under Rule 41(b) unless the order specifies otherwise.  Fed. R. Civ.
P. 41(b); *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 831–32 (6th Cir. 1978).  Therefore,
the Court's order is properly characterized as a dismissal with prejudice under Rule
12(b)(6) and an adjudication on the merits of Dinnaken Housing's counterclaims.  In
other words, the order is an adverse judgment.  *See General Motors, LLC v. FCA US,
LLC*, 44 F.4th 548, 556, 563 (6th Cir. 2022); *Leisure Caviar*, 616 F.3d at 614–16.  In
such a posture, Dinnaken Housing must shoulder the "heavier burden" of a party
seeking to amend after an adverse judgment.  *See General Motors*, 44 F.4th at 564.

Dinnaken Housing argues that there is no adverse judgment.  But its
arguments are unpersuasive.  First, it cites the advisory committee note on the 2009
amendment to Rule 13 to claim that Rule 15 governs amendments to add
counterclaims.  Dinnaken Housing omits the key context of the preceding sentence in
that note, which explains that the note was written after the abrogation of Rule 13(f),
the rule that formerly governed certain counterclaims.  Read in context, the note
simply advises that Rule 15 now controls where Rule 13(f) once governed.  Nothing
in the text suggests that it abrogated any other part of practice under the Federal
Rules of Civil Procedure.

Then, Dinnaken Housing points out that many past cases explicating the
stricter requirements for leave to amend after an adverse judgment dealt with
complaints, not counterclaims.  However, it does not explain why this distinction

4

makes a legally significant difference.  After all, Rule 15(a)(2) does not distinguish between a plaintiff's complaint and a defendant's counterclaim.  And Rule 41 expressly applies both to claims and counterclaims.

Next, Dinnaken Housing argues that the Court's dismissal of its counterclaims could not have been an adverse judgment because it was not certified as immediately appealable under Rule 54(b), which provides an exception to the rule against piecemeal appeals.  Setting aside the fact that Dinnaken Housing did not seek certification under Rule 54(b), permissive amendment following an involuntary dismissal implicates the concerns expressed in the *General Motors* and *Leisure Caviar* line of cases.  That is, the interests of finality come into play when evaluating any amendment after a ruling on a dispositive motion.  Here, Dinnaken Housing chose not to amend of right after MRI Software moved to dismiss.  Instead, it moved to amend only after receiving a decision on the motion.  Such an approach "use[s] the court as a sounding board to discover holes in [a party's] arguments, then reopen[s] the case by amending [the] complaint to take account of the court's decision." *General Motors*, 44 F.4th at 563–64 (quoting *Leisure Caviar*, 616 F.3d at 616).

Dinnaken Housing relies on a ruling from a district court in another circuit that makes the same point.  *See United States v. Union Corp.*, 194 F.R.D. 223, 232 (E.D. Penn. 2000).  That case does not directly speak to the issue at hand.  There, the court determined that, because a pleading contained a legal defect that amendment would not cure, dismissal with prejudice—which it took to be synonymous with denying leave to amend—was proper.  *Id.* at 236, 241.  But the court went further

and disapproved of a post-ruling amendment.  The Eastern District of Pennsylvania worried about allowing a party "two bites at the apple, two chances to plead any claim or counterclaim." *Id.* at 232.  "The first order of dismissal would be rendered, in some sense, advisory, providing little more than a hint to the pleading party as to how it could better plead its claim.  Such an order certainly would not substantially advance a case towards resolution." *Id.*

So too here.  Having been told how its counterclaims might survive the pleading stage, Dinnaken Housing seeks to amend.  Amendment in these circumstances renders the ruling on MRI Software's motion to dismiss advisory and fails to account for that ruling, which the Rules treat as an adjudication on the merits.

## II.     The Interests of Finality

Nor does Defendant overcome the interests of finality that attach after a ruling on a motion to dismiss.  Dinnaken Housing summarizes the new factual allegations that it seeks to make in its proposed amended counterclaim.  (ECF No. 22, PageID #380.) To be sure, they provide greater detail.  But Dinnaken Housing knew most or all of these facts when it brought its original counterclaims.  It provides no explanation as to why it did not include fraud in the inducement in its pleading previously or failed to amend as of right in response to MRI Software's motion to dismiss.

In the end, Dinnaken Housing maintains that denying leave to amend works a manifest injustice by deciding the issue on technicalities rather than the merits. Again, it relies on authority that undermines this position.  *See Inge v. Rock Fin. Corp.*, 388 F.3d 930, 938 (6th Cir. 2004) (holding that denying leave to amend was

proper).  In any event, the Rules as procedural devices ensure fundamental fairness and balance competing considerations, such as expedience, cost, and dispositions on the merits.

Because it seeks to amend counterclaims that the Court has already dismissed, Dinnaken Housing's motion does not present the typical request to amend that arises under the familiar liberal amendment standard of Rule 15.  *See Leisure Caviar*, 616 F.3d at 615.  Instead, it "must shoulder a heavier burden."  *Id.* at 616.  Because Dinnaken Housing does not show good cause for amendment after a dismissal, it fails to carry that burden.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for leave to amend (ECF No. 20).

**SO ORDERED.**

Dated:  September 25, 2024

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

7